IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLANDO RUIZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action no. SA:03-CA-303-OG |
| | § | (District Judge Orlando L. Garcia) |
| RICK THALER, | § | |
| Director, Texas Department of | § | * DEATH PENALTY CASE * |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | ECF |
|     Respondent. | § | |

## RESPONDENT'S OBJECTION TO
## OPINION TESTIMONY FROM WITNESSES ON
## *STRICKLAND V. WASHINGTON*[1] ANALYSIS

Petitioner Rolando Ruiz, a Texas prisoner sentenced to death, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The Court has determined that an evidentiary hearing is necessary to resolve Ruiz's claim that his counsel rendered ineffective assistance at the punishment phase of trial by failing to adequately investigate, develop, and present potentially mitigating evidence regarding Ruiz's background and mental health. *See* Order Setting Hr'g, Docket entry (D.E.) 94, at 2. The hearing is scheduled to commence at 9 a.m. on Tuesday, November 2, 2010. *Id.* at 3.

---

[1] 466 U.S. 668 (1984).

BACKGROUND

Ruiz filed his Witness List on October 19, 2010. D.E. 128. That list includes attorneys Nancy Barohn and James Makin as witnesses. *Id.* at 1-2. Although in Ruiz's Witness List, he does not describe the testimony that these witnesses will offer, by email, he has subsequently informed counsel that he intends to call Barohn and Makin for the following purposes. Ruiz intends to call Barohn to authenticate the American Bar Association's 1989 Standards for the Appointment and Performance of Counsel in Death Penalty Cases (ABA Standards) that Ruiz previously submitted as Petitioner's Exhibit 19, *see* D.E. 117-19, and to identify the ABA Standards as the prevailing professional standards at the time of Ruiz's trial.[2] Ruiz also intends to call Barohn to discuss the standards for capital defense attorneys following the Supreme Court's release of its decision in *Penry v. Lynaugh*, 492 U.S. 302 (1989). Ruiz also intends to call Makin to authenticate the previously-mentioned ABA Standards and to identify them as the prevailing professional standards at the time of Ruiz's trial. Ruiz further intends to call Makin to authenticate the National Legal Aid and Defender Association (NLADA) Guidelines Ruiz previously submitted as Petitioner's Exhibit 20, *see* D.E. 117-20, as well as The Champion

---

[2] Barohn testified at the punishment phase of Ruiz's trial. It appears that Ruiz may also call Barohn to testify about facts regarding her service as a witness.

articles he submitted as Petitioner's Exhibits 21-27, *see* D.E. 117-21-117-27, and to identify them as setting standards for how capital defense trial counsel at the time of Ruiz's trial were to prepare and litigate capital cases. As with Barohn, Ruiz intends to call Makin to discuss standards for capital defense trial counsel following the Supreme Court's opinion in *Penry*.

In short, Ruiz intends to call Barohn and Makin to offer expert testimony on the reasonableness of trial counsel's decisions at Ruiz's trial. But Ruiz has not provided a copy of any written report prepared by these witnesses if they are offered as experts, as Federal Rule of Civil Procedure 26(a)(2) requires. Moreover, Fifth Circuit precedent and the Federal Rules of Evidence prohibit this type of testimony.

### REASONS FOR OBJECTION TO EXPERT TESTIMONY REGARDING *STRICKLAND V. WASHINGTON*'S REASONABLENESS ANALYSIS

The Director opposes Ruiz's attempt to introduce testimony from Barohn and Makin on the issue of *Strickland*'s deficient performance/reasonableness prong as improper and unnecessary under Fifth Circuit precedent and Federal Rules of Evidence 401 and 704. Initially, the Fifth Circuit has rejected such legal opinions as invading the province of the trier of fact. *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992); *Matthews v. Ashland Chem., Inc.,* 770 F.2d 1303, 1311 (5th Cir. 1985); *Owen v. Kerr-McGee Corp.,* 698 F.2d 236, 240 (5th Cir. 1983). Regarding expert affidavit testimony from attorneys on *Strickland*

*v. Washington*,[3] the Eleventh Circuit forcefully held:

> . . . it would not matter if a petitioner could assemble affidavits from a dozen attorneys swearing that the strategy used at his trial was unreasonable. The question is not one to be decided by plebiscite, by affidavits, by deposition, or by live testimony. It is a question of law to be decided by the state courts, by the district court, and by this Court, each in its own turn.

*Provenzano v. Singletary,* 148 F.3d 1327, 1332 (11th Cir. 1998); *see also Freund v. Butterworth,* 165 F.3d 839, 863 n.34 (11th Cir. 1999) (citing the *Provenzano* opinion as basis of the court's categorical disapproval of "expert" attorney opinion testimony: "Permitting 'expert' testimony to establish ineffective assistance is inconsistent with our recognition that the issue involved is a mixed question of law and fact that the court decides."). The Fifth Circuit has recently agreed with *Provenzano*'s reasoning. *Johnson v. Quarterman*, 306 Fed. Appx. 116, 129 (5th Cir. 2009) (per curiam) (quoting the *Provenzano* passage set forth above).

Moreover, although Rule 704 of the Federal Rules of Evidence allows for expert opinion testimony that embraces an ultimate issue to be decided by the trier of fact, it "does not open the door to all opinions." *Owen,* 698 F.2d at 240. Specifically, it does not allow for testimony that tells the trier of fact what result to reach in a case. *Id.* It likewise does not allow a witness to give legal

---

[3] 466 U.S. 668 (1984).

conclusions. *Id.* Thus, the issue is whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Salas,* 980 F.2d at 305. As the Advisory Committee Notes to Rule 704 state, "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Id.* Because this Court is well able to judge the standard of reasonableness under *Strickland,* without the assistance of purported legal experts, there is no reason for this testimony. Further, the Director is confident that this Court is familiar enough with the *Strickland* standard to give adequate weight and consideration to the evidence Ruiz is certain to present. Testimony from a *Strickland* expert would therefore be both redundant and useless.

In addition, the Director has objections on file challenging the relevance of the ABA and NLADA Standards, as well as The Champion articles. *See* D.E. 123, at 12-15. Because this evidence is irrelevant and therefore inadmissible, Barohn's and Makin's testimony regarding its authenticity is similarly irrelevant and inadmissible. Fed. R. Evid. 401.

## CONCLUSION

For the foregoing reasons, this Court should sustain the Director's objection and prohibit any witnesses from testifying as *Strickland* analysis experts.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

ERIC J. R. NICHOLS
Deputy Attorney General
  for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

s/ Leslie K. Kuykendall
LESLIE K. KUYKENDALL
Assistant Attorney General
Postconviction Litigation Division
State Bar No. 24029673

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1400
Telecopier: (512) 936-1280
Email: Leslie.Kuykendall@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that a copy of this objection was electronically served on Petitioner's counsel on October 25, 2010.

Kathryn M. Kase
Texas Defender Service
1927 Blodgett
Houston, TX 77004
(713) 222-7788
Fax (713) 222-0260
Email: kmkase@texasdefender.org

and

Chris K. Gober
Chris K. Gober, Attorney at Law, P.C.
424 E. Nueva Street
San Antonio, TX 78205
(210) 224-5811
Fax: (210) 224-5890
Email: chriskgober@yahoo.com

                                        s/Leslie K. Kuykendall
                                        LESLIE K. KUYKENDALL
                                        Assistant Attorney General